UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELPHONSO BRADLEY,

    Petitioner

v.

HUTCHINSON, et al.,

    Respondents.

Case No.: 2:21-cv-00607-APG-VCF

**Order**

Delphonso Bradley has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. ECF No. 1-1. His application to proceed in forma pauperis is granted. I have reviewed the petition pursuant to Habeas Rule 4 and direct that it be served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

I THEREFORE ORDER that the petitioner's application to proceed in forma pauperis **(ECF No. 1) is GRANTED**.

I FURTHER ORDER the Clerk to detach, file, and electronically SERVE the petition (ECF No. 1-1) on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items

previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any motion by the petitioner being subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered under Habeas Rule 5.

I FURTHER ORDER that any procedural defenses raised by the respondents in this case be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents should not file a response that consolidates their procedural defenses with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that the petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other motion filed by the respondents otherwise being subject to the normal briefing schedule under the local rules.

I FURTHER ORDER that any additional state court record exhibits filed by either the petitioner or the respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

I FURTHER ORDER that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless requested by the court**.

Dated: April 27, 2021

_____
U.S. District Judge Andrew P. Gordon