UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELPHONSO BRADLEY,<br><br>　　　Petitioner<br><br>v.<br><br>HUTCHINSON, et al.,<br><br>　　　Respondents. | Case No.: 2:21-cv-00607-APG-VCF<br><br>**Order Granting Motion to Dismiss in Part (ECF No. 7) and Denying Motion to Strike (ECF No. 17)** |

The respondents move to dismiss several claims in Delphonso Bradley's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus as unexhausted, procedurally defaulted, or not cognizable on federal habeas review. ECF No. 7.  I agree that ground 1 is noncognizable, and that several claims are unexhausted.  I will give Bradley an opportunity to address whether they would be procedurally defaulted in state court.

**I.　　Background and Procedural History**

Bradley and his brother were arrested following a robbery at an apartment complex in Las Vegas. *See* Exhibit 50.[1]  They fled when the occupant, a police academy recruit, returned home.  A jury convicted Bradley of conspiracy to commit home invasion, home invasion while in possession of a deadly weapon, conspiracy to commit burglary, burglary while in possession of a firearm, robbery, grand larceny of firearm, two counts of attempted grand larceny of a firearm, and ownership or possession of a firearm by a prohibited person. Exh. 24, pp. 67-70.

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss (ECF No. 7) and are found at ECF Nos. 8-9.

The state district court sentenced him to terms that amounted to an aggregate sentence of 6 to 16 years. Exhs. 26, 39.  Judgment of conviction was entered on April 10, 2018. Exh. 29.

The Supreme Court of Nevada affirmed Bradley's convictions in March 2019. Exh. 50.  In January 2021, the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition. Exh. 76. Bradley dispatched his federal habeas petition for filing in April 2021. ECF No. 4.  The respondents now move to dismiss several claims in the petition as unexhausted, procedurally defaulted, or noncognizable. ECF No. 7.

Bradley filed a sur-reply to the motion to dismiss that essentially re-hashes his arguments that his claims are all exhausted. ECF No. 16.  The respondents are correct that he asks for counsel without elaboration.  He also asks for "limited discovery" to ascertain the contents of his second-amended state postconviction habeas petition.  However, that petition is an exhibit filed in this action. Exh. 62.  The respondents filed a well-supported motion to strike the unauthorized sur-reply. ECF No. 17.  However, because I have considered and rejected the arguments Bradley re-raised, I decline to strike the sur-reply.

**II.     Legal Standards & Analysis**

     a.     **Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.

*See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v.*

*Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b. Cognizability (state law claims)

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  Alleged errors in the interpretation or application of state law do not warrant habeas relief.  *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

### c. Procedural Default

A court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or

>demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. 501 U.S. at 750. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific circumstances. 566 U.S. 1 (2012). The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

>Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted). The Supreme Court later clarified that under *Martinez* a petitioner may only establish cause and prejudice as to a defaulted claim of ineffective assistance of trial counsel; it does not extend to ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017).

### d. **Ground 1 is not cognizable**

Bradley contends that the state district court violated his Fifth, Sixth, and Fourteenth Amendment rights when it did not allow him to amend his state habeas petition. ECF No. 7, pp. 3-4. Bradley did not present this claim as a federal constitutional claim to the Nevada Court of Appeals. *See* exh. 74. Thus, it is unexhausted. It is also purely a matter of state law, and the appeals court resolved it as such. *See* exh. 76, p. 6. Therefore, it is also noncognizable on federal habeas review. Ground 1 is, accordingly, dismissed.

### e. **Bradley has not exhausted several claims that appellate counsel was ineffective**

The respondents argue that grounds 2, 4, 8, and 13—claims that appellate counsel was ineffective—are all unexhausted. ECF No. 7, pp. 4-6. In November 2019, Bradley filed a state postconviction habeas corpus petition. Exh. 57. He filed an amended petition in December. In the amended petition he set forth six grounds for relief based on ineffective assistance of trial counsel. *Id.* at 14-28. He then included grounds 7-15, four ineffective assistance of appellate

6

counsel, and five claims that trial counsel was ineffective. *Id*. at 29-30.  Grounds 7-15 are one-sentence, conclusory claims.  At the top of these additional grounds, Bradley wrote: "Additional grounds petitioner would like to file but do not have the support of the record, because counsel did not give petitioner his record." *Id*.  Then on January 2, 2020, Bradley filed a second-amended petition, which set forth the same grounds 1-6 as the amended petition. Exh. 62.  The second-amended petition then set forth as grounds 7-15 six claims of trial counsel error and three claims of appellate counsel error. *Id*. at 29-37.  Bradley included factual allegations to support these claims.  Court minutes reflect that 12 days later on January 14, the state district court refused to consider the second-amended petition. Exh. 63.  The court stated that while Bradley claimed his counsel never sent him the transcripts, counsel informed the court that he had in fact sent all transcripts.  The court ruled that there was no reason to allow additional briefing and denied the first-amended petition, directing the State to prepare the order.  On January 16, Bradley's reply to the State's response to his first-amended petition was filed; he argued that the State's response was premature and urged the court and the State to consider the second-amended petition.  He ultimately appealed the denial of his first-amended state petition and argued that the district court erred in not considering the second-amended petition.  The Nevada Court of Appeals considered and ruled on grounds 1-6 that were presented in the first-amended petition. *See* exh. 76.  That court also held that the district court did not abuse its discretion by refusing to permit Bradley to further amend his petition.

/ / / /

/ / / /

/ / / /

/ / / /

Federal grounds 2, 4, 8, and 13 are claims that Bradley's appellate counsel was ineffective.[2] In Ground 2, Bradley urges that his appellate counsel rendered ineffective assistance for failing to:

- Raise relevant issues
- Challenge illegal search of Bradley's cellphone
- Challenge involuntary confession
- Present a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986)
- Impeach victim's inconsistent grand jury and trial testimony
- Challenge cellphone chain of custody or tainted evidence related to cellphone. ECF No. 4, pp. 6-8.

In Ground 4, Bradly asserts that his appellate counsel was ineffective for failing to challenge the State's alleged illegal search of Bradley's cellphone. *Id*. at 12. As discussed, Bradley presented no claims regarding appellate counsel's performance in his state postconviction litigation. *See* exhs. 59, 65, 74, 76. Grounds 2 and 4 are unexhausted.

In Ground 8, Bradley argues that his appellate counsel was ineffective for failing to raise the issues of illegally obtained evidence and failing to challenge the inconsistent statements of the State witnesses/victim. ECF No. 4, p. 20. This claim is unexhausted and duplicative of portions of ground 2. *See* exh. 76.

In Ground 13, Bradley argues his appellate counsel failed to present trial counsel's failure to raise a *Batson* challenge on appeal. ECF No. 4, p. 32. This claim is unexhausted. I also note

---

[2] In grounds 2, 4, 8, and 13 Bradley refers to his direct appeal counsel by name: "Appellate counsel Lester Paredes was ineffective . . . ." ECF No. 4, pp. 6, 12, 20, 32. Thus, I conclude that Bradley did not inadvertently frame these claims as appellate instead of trial counsel ineffectiveness. Further, as discussed, Bradley raised appellate counsel claims in his proffered second-amended state petition, which the court declined to consider.

that claims of ineffective assistance of trial counsel are generally brought in state postconviction proceedings and not on direct appeal.

Bradley insists that these claims are exhausted because he attempted to raise them in the proffered second-amended state petition and that he made the state appeals court aware of the second-amended petition in his informal brief. ECF No. 10.  But as discussed above, the Nevada Court of Appeals held that the district court did not abuse its discretion in denying his petition without permitting him to amend it. Exh. 76, p. 6.  That appellate court also addressed and rejected each claim Bradley set forth in his first-amended petition.  Presenting a claim for the first and only time in a procedural context in which its merits will not be considered does not constitute fair presentation for the purposes of exhaustion. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

**f.   Several claims that trial counsel was ineffective are also unexhausted**

**Ground 3**

Bradley argues that his trial counsel was ineffective for failing to challenge Detective Chapman's alleged contradictory testimony about the search of Bradley's home and the questioning of his girlfriend. ECF No. 4, p. 10.  Bradley presented to the Nevada Court of Appeals the claim that trial counsel should have questioned detectives regarding coercive interviewing techniques used on his girlfriend. *See* exhs. 59, 76.  That portion of ground 3 is exhausted.  The remainder of ground 3 is unexhausted.

**Grounds 5, 6, 7, 9, 12**

In Ground 5, Bradley argues that trial counsel was ineffective for failing to hire a DNA expert to inspect his cellphone in order to contradict the State's evidence regarding the phone. ECF No. 4, p. 14.  In Ground 6, Bradley contends that his trial counsel was ineffective for failing

to suppress cellphone evidence. *Id*. at 16.  In Ground 7, Bradley asserts that trial counsel ineffectively failed to move to suppress the statements his girlfriend made to police. *Id*. at 18. In Ground 9, Bradley alleges that his trial counsel was ineffective for failing to suppress Bradley's confession to police and failing to file motions. *Id*. at 22.  In Ground 12, Bradley argues that his trial counsel ineffectively failed to raise a *Batson* challenge. *Id*. at 30.  He did not present Grounds 5, 6, 7, 9, or 12 to the Nevada state courts. *See* exh. 76.  These five grounds, therefore, are unexhausted.

**Ground 14**

Bradley contends that his convictions must be reversed due to the cumulative effect of his trial counsel's errors. ECF No. 4, p. 34.  He raised a trial counsel cumulative error claim on appeal of the denial of his state postconviction petition. *See* exhs. 59, 76.  Federal ground 14 is exhausted to the extent that it incorporates underlying exhausted claims only.

### g. Whether unexhausted grounds should be deemed technically exhausted or procedurally defaulted

The respondents argue that, alternatively, the procedural default doctrine applies to Bradley's unexhausted claims, and the claims are subject to dismissal as technically exhausted and barred by procedural default. ECF No. 7, pp. 6-7.  "An unexhausted claim will be procedurally defaulted if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  This is known as the procedural default doctrine. *Wainwright v. Sykes*, 433 U.S. 72, 84–85, 90–91 (1977).

I agree that if Bradley attempted to return to state court to raise his unexhausted claims, the Nevada courts would apply the applicable state law procedural bars to reject these claims.

The respondents further insist that Bradley has not even attempted to argue that he can demonstrate cause and prejudice to excuse the default of these claims. But Bradley has not yet had that opportunity. He argued in his opposition to the motion to dismiss that the claims in question were in fact exhausted. *See* ECF No. 10. I conclude, to the contrary, that the claims are unexhausted.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510. However, the unexhausted claims would be procedurally barred if Bradley returned to state court. I therefore will give Bradley two options: First, he may submit a sworn declaration in which he voluntarily abandons the unexhausted claims in his federal habeas petition and proceeds only on the exhausted claims. The second option is that Bradley may file a brief addressing cause and actual prejudice to excuse the procedural default of the unexhausted claims. *See* II.c. above. If Bradley chooses the latter, the respondents may then file a response to Bradley's brief.

In sum, I grant the motion to dismiss in part. Ground 1 is dismissed. Grounds 2, 4, 5, 6, 7, 8, 9, 13, and the portion of ground 3 regarding testimony about the search of Bradley's home are unexhausted. I direct Bradley to choose to either voluntarily dismiss his unexhausted claims or demonstrate cause and prejudice to excuse the state procedural default.

### III.  Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 7) is GRANTED** in part as follows:

Ground 1 is **DISMISSED** as noncognizable in federal habeas corpus.

Grounds 2, 4, 5, 6, 7, 8, 9, and 13 are **UNEXHAUSTED** and would be procedurally defaulted if Bradley attempted to return to state court to raise these claims.

The portion of ground 3 regarding testimony about the search of Bradley's home is **UNEXHAUSTED** and would be procedurally barred if Bradley returned to state court with this claim. The portion of ground 3 that alleged that the defense should have questioned law enforcement regarding coercive interviewing techniques used on Bradley's girlfriend is exhausted.

I FURTHER ORDER that Bradley has until **September 26, 2022** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) file a brief demonstrating cause and actual prejudice to excuse the procedural default of grounds 2, 4, 5, 6, 7, 8, 9, 13 and part of ground 3.

I FURTHER ORDER that if Bradley elects to abandon his unexhausted grounds, respondents will have **30 days** from the date he serves his sworn declaration to file an answer to the remaining claims. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. The respondents may reassert arguments regarding cause and prejudice as applicable.

I FURTHER ORDER that Bradley will have **30 days** following service of the respondents' answer in which to file a reply.

I FURTHER ORDER that if Bradley files a brief arguing that he can demonstrate cause and prejudice, the respondents will have **30 days** to respond.

I FURTHER ORDER that if the parties brief cause and prejudice, I will issue a modified briefing schedule after the resolution of the procedural default issue.

I FURTHER ORDER that if Bradley fails to respond to this order within the time permitted, this case may be dismissed without further notice.

I FURTHER ORDER that the respondents' motion to strike **(ECF No. 17) is DENIED**.

Dated: August 21, 2022

U.S. District Judge Andrew P. Gordon