UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Delphonso Bradley,<br><br>　　Petitioner<br><br>v.<br><br>Hutchinson, *et al.*,<br><br>　　Respondents | Case No.: 2:21-cv-00607-APG-VCF<br><br>**Order Denying Motion Demonstrating Cause and Prejudice**<br><br>[ECF No. 19] |

In his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus, Delphonso Bradley challenges his convictions stemming from an armed, home-invasion robbery in Las Vegas. ECF No. 4. In August 2022, I granted respondents' motion to dismiss the petition in part, dismissing one ground as noncognizable and concluding that several claims were unexhausted and would be procedurally barred if Bradley tried to return and present them in state court. ECF No. 18. I directed Bradley to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) file a brief demonstrating cause and actual prejudice to excuse the procedural default of grounds 2, 4, 5, 6, 7, 8, 9, 12, 13 and part of ground 3. *Id*. at 12.[1] In response, Bradley filed what he styled as a motion demonstrating cause and actual prejudice to excuse the procedural default. ECF No. 19. Respondents filed a response. ECF No. 22. Bradley does not present new arguments that demonstrate cause and prejudice. So I deny his motion.

---

[1] The conclusion language inadvertently left out ground 12. However, the order clearly states that ground 12, Bradley's claim that trial counsel was ineffective for failing to suppress his confession and failing to file motions, was not presented to the Nevada state courts and is unexhausted. ECF No. 18 at 9-10.

Bradley's petition contains several claims of ineffective assistance of appellate counsel (grounds 2, 4, 8, 13). ECF No. 4 at 6-8, 12, 20, 32. However, Bradley presented no claims regarding appellate counsel's performance in his state postconviction litigation. *See* Exhs. 59, 65, 74, 76. His petition also sets forth several ineffective assistance of trial counsel claims, most of which (grounds 5, 6, 7, 9, 12) he did not present to the Nevada state courts at all. Part of ground 3, the claim that trial counsel should have challenged a detective's alleged contradictory testimony about the search of his home, was not presented to the Nevada Court of Appeals. *See* Exhs. 59, 76.

In his motion, Bradley first argues that he did present these claims to the highest state court. ECF No. 19 at 2. The state court record belies this claim. *See also* ECF No. 18 at 6-9. With respect to demonstrating cause and prejudice to excuse the default of these technically exhausted and procedurally defaulted claims, lack of postconviction counsel or ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Bradley would then have to demonstrate that the ineffective assistance of trial counsel claims were substantial. *Id*. Bradley makes no such argument. And *Martinez* has no bearing on a claim of ineffective assistance of appellate counsel, because the Supreme Court has since clarified that *Martinez* may only establish cause and prejudice as to a defaulted claim of ineffective assistance of trial counsel; it does not extend to ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017).

Second, Bradley insists that he is actually innocent and that dismissing his claims would be a miscarriage of justice. But a credible actual innocence claim "requires the petitioner to support his allegations of constitutional error with new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—

2

that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Bradley merely makes the bare, wholly unsupported assertion that he is actually innocent. He does state that the Nevada Court of Appeals reversed the state district court's order denying his co-defendant, Johnathan Bradley's, state postconviction petition. *See* Nevada Court of Appeals Case No. 82006. The state appellate court reversed and remanded, holding that the state district court erred in dismissing two of Johnathan's ineffective assistance of counsel claims (based on alleged inadequate communication and inadequate pre-trial investigation) without conducting an evidentiary hearing. This development does not demonstrate that Bradley is actually innocent, however.

Accordingly, I conclude that grounds 2, 4, 5, 6, 7, 8, 9, 12, 13 and part of ground 3 are technically exhausted and procedurally defaulted. Bradley has not demonstrated cause and prejudice to excuse the default as to any of these claims. The claims are dismissed as procedurally barred from federal habeas review.

I THEREFORE ORDER that petitioner's motion demonstrating cause and actual prejudice to excuse the procedural default **[ECF No. 19] is DENIED**.

I FURTHER ORDER that grounds 2, 4, 5, 6, 7, 8, 9, 12, 13 and the part of ground 3 discussed in this order are **DISMISSED** as procedurally barred.

I FURTHER ORDER that respondents have **60 days** from the date of this order to answer Bradley's remaining claims.

DATED this 23rd day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE